IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONZELL FRANKLIN LEE,

    *Petitioner*,

    v.

UNITED STATES OF AMERICA,

    *Respondent*.

Criminal No. ELH-12-0528

Related Civil No.  ELH-16-1742

**MEMORANDUM**

This Memorandum resolves the Motion to Vacate Judgment filed by Monzell Lee, Petitioner, through counsel, under 28 U.S.C. § 2255 (ECF 188), as supplemented.  ECF 213 (collectively, the "Motion").  The Office of the Federal Public Defender subsequently sought to withdraw as counsel.  ECF 240.  That motion was granted.  ECF 242.  The government opposes the Motion.  ECF 251.  No reply was filed.

A hearing is unnecessary to resolve the Motion.  For the reasons that follow, I shall deny the Motion.

**I.      Factual and Procedural Background**

On October 4, 2012, Lee and two others were charged in a six-count Indictment.  ECF 22. Four counts are relevant to Lee: conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) (Count One); Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) (Count Two); conspiracy to possess a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o) (Count Three); and brandishing and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Four).  *Id.*  The Indictment identified the

Hobbs Act conspiracy charged in Count One and the Hobbs Act robbery charged in Count Two as the predicate crimes of violence to support the § 924(c) charge in Count Four. *See* ECF 22 at 5.

On February 25, 2013, Petitioner entered a plea of guilty to Counts Two and Four of the Indictment. ECF 62 (Rearraignment); ECF 64 (Plea Agreement). The parties stipulated to the elements of the offenses. As to Count Four, the parties agreed, ECF 64, ¶ 2:

That on or about June 11, 2012, in the District of Maryland,

a. The Defendant committed a crime of violence, specifically Hobbs Act Robbery, as charged in Count Two of the Indictment, for which he might be prosecuted in a court of the United States; and

b. The Defendant knowingly brandished a firearm in furtherance of the commission of the crime charged in Count Two of the Indictment.

The government agreed to recommend a sentence within the advisory sentencing guidelines range. ECF 64, ¶ 9.

Sentencing was held on May 30, 2013. ECF 87. The Court sentenced Petitioner to 24 months' imprisonment as to Count Two, and to the mandatory minimum term of 84 months' imprisonment, consecutive, as to Count Four, resulting in a total sentence of 108 months. ECF 89 (Judgment). Counts One and Three were dismissed on the government's motion. *Id.* Petitioner did not appeal his conviction or sentence.

On May 27, 2016, Petitioner filed a Motion to Vacate Judgment under 28 U.S.C. § 2255, pursuant to the Supreme Court's ruling in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). ECF 188. In *Johnson*, the Supreme Court ruled that the definition for violent felony in the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2558.

Thereafter, on April 9, 2019, Petitioner filed a supplement to his Motion, based on *Sessions v. Dimaya*, ___ U.S. ___, 138 . Ct. 1204 (2018). In *Dimaya*, the Supreme Court applied *Johnson*

to the residual clause of the crime of violence definition in 18 U.S.C. § 16(b). *Id.* at 1210. Lee asked the Court to hold his case in abeyance pending the outcome of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). ECF 213.

On June 24, 2019, the Supreme Court issued its decision in *Davis*. It ruled that the "residual clause" definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2334. However, the Fourth Circuit has since held that Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a), still qualifies as a crime of violence under the force clause of 18 U.S.C. § 924(c). *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 639 (2019), and *Stokes v. United States*, 140 S. Ct. 640 (2019). Thereafter, the Federal Public Defender moved to withdraw as counsel (ECF 240) and the Court granted that motion. ECF 242. Petitioner now proceeds *pro se*.

On June 8, 2020, this Court issued an Order directing the government to respond to the Motion by June 26, 2020. ECF 249. In its response (ECF 251), the government argues that the Motion should be denied because Hobbs Act Robbery remains a crime of violence for the purpose of 18 U.S.C. § 924(c).

## II.    Discussion

### A.   Legal Standard

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255); *United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018); *United States v.*

*Middleton*, 883 F.3d 485 (4th Cir. 2018); *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Under § 2255, the Petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). And, "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

Pursuant to 28 U.S.C. § 2255(b), the court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ." *See*, *e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Courts have determined that a hearing is not necessary where "the motion . . . fail[s] to allege sufficient facts or circumstances upon which the elements of constitutionally deficient performance might properly be found [or] where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion." *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998) (internal quotation marks and citation omitted); *accord United States v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993).

This is such a case. I am satisfied that no hearing is necessary to resolve the Petition.

## B.  18 U.S.C. § 924(c)

Section 924(c) of 18 U.S.C. prohibits using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). A crime of violence is defined as "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the

person or property of another, or (B) that by it nature, involves a substantial risk that physical force against the person or property of another maybe used in the course of commiting the offense." § 924(c)(3).  Subsection (A) of § 924(c)(3) is commonly referred to as the "force clause" or "elements clause," while subsection (B) is referred to as the "residual clause."

As noted, in *Davis*, 139 S. Ct. 2319, the Supreme Court ruled that the residual clause in § 924(c)(3)(B) was unconstitutionally vague.  *See Davis*, 139 S. Ct. at 2336.  But, this ruling has no bearing on Petitioner's conviction under § 924(c).

Petitioner's § 924(c) conviction in Count Four was predicated on his Hobbs Act Robbery offense in Count Two.  The Hobbs Act provides, 18 U.S.C. § 1951(a):

> Whoever in any way or degree obstructs, delays, or affects commerce . . . by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

"Robbery" is defined as the taking of personal property from another "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1).

Notably, the Fourth Circuit has determined that Hobbs Act robbery categorically qualifies as a crime of violence under the force clause of § 924(c)(3)(A).  *See Mathis*, 932 F.3d at 266.  In *Mathis*, relying on the Court's prior decision in *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), the Fourth Circuit concluded that Hobbs Act Robbery requires the use, attempted use, or threat of physical force, even if the offense only involved "fear of injury," because that term is synonymous with "intimidation," which necessarily "involves the threat to use [physical] force." *Mathis*, 932 F.3d at 266.

Petitioner's conviction for Hobbs Act robbery, alleged in Count Two of the Indictment, qualifies as a crime of violence under the force clause.  Therefore, his § 924(c) conviction (Count Four) is predicated on that crime and remains valid.

### III.   Conclusion

For the reasons set forth above, I shall deny the Motion.  A Certificate of Appealability shall not issue.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.  A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[1]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017).  Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Petitioner has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.

---

[1] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the Fourth Circuit.

An Order follows.


Date:   August 4, 2020                                      _____/s/_____
                                                           Ellen L. Hollander
                                                           United States District Judge